UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
------------------------------------------------------------------
In re

The Bertrand-Chaffee Hospital                    Case No. 07-00470 K

      Debtor
------------------------------------------------------------------
In re

Jennie B. Richmond Chaffee
Nursing Home Company, Inc.                       Case No. 07-00472 K

      Debtor
------------------------------------------------------------------

OPINION AND ORDER

  The question before the Court is whether tax liabilities arising under Internal Revenue Code § 4971(a) or (b) are subject to subordination to the claims of general unsecured creditors.

  If this Court were inclined to declare, as some other courts have declared, that "equitable subordination" under 11 U.S.C. § 510 does not always require "inequitable conduct" by the subject creditor, the Court would do so in this particular case for the reasons set forth in the "Response of Imaging Management, Inc. to the Debtor's Objection to Proof of Claim No. 53 filed by the Department of Treasury - Internal Revenue Service." However, the Court need not make that determination at this time, because the Court is of the view that since the United States Supreme Court, in *U.S. v. Reorganized CF&I Fabricators of Utah, Inc.*, 518 U.S. 213 (1996) unequivocally declared that the subject taxes are "penalties," and since that Court fell only an iota short of directing that the matter be addressed under 11 U.S.C. §§ 726(a)(4), 1122(a) and 1129(a)(7)(A)(ii), it is not necessary for the Court to address the 11 U.S.C. § 510 issue.

The Court holds that 11 U.S.C. §§ 736, 1122, and 1129, are unequivocal and dispositive in the subject regard.

Claim No. 53 will be subordinated to the claims of all other creditors.

It appears to the Court that the objections to claim No. 53 that seek disallowance or reduction of the claim do not have to be addressed in light of the above holding. If the Court is mistaken in this regard, the objectors may so notify the Court.

SO ORDERED.

Dated: Buffalo, New York
May 21, 2009

s/Michael J. Kaplan
_____
U.S.B.J.